# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Teresa Gosling,**
**Claimant Below, Petitioner**

**vs.)    No. 22-0248**    (BOR Appeal No. 2057514)
(JCN: 2017027285)

**Lifepoint Hospitals, Inc.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Teresa Gosling appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Lifepoint Hospitals, Inc., filed a timely response.[1] The issue on appeal is the amount of the claimant's permanent partial disability in the claim. On July 7, 2020, the claims administrator granted Ms. Gosling a 9% permanent partial disability award. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the granting of the 9% award in its order dated November 2, 2021. The decision was affirmed by the Board of Review on March 18, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Gosling, a registered nurse, sustained a compensable injury to her left upper extremity on May 4, 2017, when a car door she was holding onto was flung open by the wind generated by a helicopter. An MRI of the left shoulder dated May 26, 2017, revealed a partial thickness tear at the insertion point of the supraspinatus, undersurface fraying of the infraspinatus, and acromioclavicular arthropathy. On June 1, 2017, the claim was held compensable for hyperextended left arm. On August 16, 2017, Ms. Gosling underwent a left shoulder arthroscopy, debridement of the left shoulder, arthroscopic acromioplasty, and open rotator cuff repair. An MRI conducted on November 16, 2017, revealed posterior disc straightening with disc degeneration and vertebral body spurring at C5-C6, and loss of cervical lordosis. A left shoulder MRI on the same date revealed a small full-thickness tear of the far anterior portion of the supraspinatus, mild tendinopathy of the infraspinatus, fraying of the posterior superior labrum, moderate fluid in the bursa, acromioclavicular arthropathy and moderate fluid within the AC joint space, and atrophy of

---

[1]The petitioner is represented by Reginald D. Henry, and the respondent is represented by Jeffrey B. Brannon.

the infraspinatus muscle. On March 2, 2018, a Diagnosis Update form was completed by Ms. Gosling's physician requesting that small central disc bulge at C5-C6 and left carpal tunnel syndrome be added to the claim as compensable conditions. However, on December 20, 2018, the claims administrator entered an order stating that the conditions of small disc bulge at C5-C6 and left carpal tunnel syndrome were not compensable conditions in the claim.

Ms. Gosling received unsuccessful conservative treatment for her injury, and she underwent surgery on three different occasions, along with extensive physical therapy. Eventually, the claim was also held compensable for complete tear of the left rotator cuff per claims administrator's order dated March 12, 2019. Regarding whole person impairment of the left upper extremity, Ms. Gosling underwent an independent medical evaluation with Prasadarao B. Mukkamala, M.D., on June 8, 2020. Dr. Mukkamala reviewed the records, examined the claimant, and diagnosed Ms. Gosling with a rotator cuff sprain of the left shoulder, status post-surgery. Dr. Mukkamala provided the following conclusions:

> It is my professional opinion that the claimant has reached maximum degree of medical improvement from the compensable injury dated 5/4/2017 with claim number 17D53F104058.

> The basis for my opinion that she has reached maximum degree of medical improvement is that the claimant received extensive treatment and there is nothing further to be done.

With respect to impairment, Dr. Mukkamala opined, as follows:

> I will calculate the permanent impairment using the AMA Guides, Fourth Edition. I will submit Figure 1 Part 2 to document the range of motion and impairment and the claimant has 9% whole person impairment for the left shoulder.

> I will attribute the entire 9% to the compensable injury of 5/4/2017.

> Therefore, I conclude that the claimant has 9% whole person impairment resulting from the compensable injury dated 5/4/17 with claim 17D53F104058.

Based upon Dr. Mukkamala's recommendation, the claims administrator granted Ms. Gosling a 9% permanent partial disability award on June 8, 2020. The claimant filed a protest to the claims administrator's decision.

In support of her protest, Ms. Gosling underwent an independent medical evaluation with Bruce Guberman, M.D., on February 22, 2021. An examination revealed tenderness and range of motion abnormalities of the left shoulder. Dr. Guberman also found weakness in the claimant's left shoulder and left hand with atrophy of the left upper arm compared to the right upper arm. Dr. Guberman opined that Ms. Gosling reached maximum medical improvement with no further specific treatment and/or testing for the compensable injury. Using the American Medical Associations, *Guides to the Evaluation of Permanent Impairment* ("AMA *Guides*") (4th ed. 1993),

Dr. Guberman recommended 6% impairment for range of motion abnormalities in flexion and extension of the left shoulder. In addition, Dr. Guberman recommended 6% impairment of the upper extremity for range of motion abnormalities in abduction and adduction of the left shoulder. He also opined 3% impairment for range of motion abnormalities in internal and external rotation due to range of motion abnormalities at the left shoulder. From Table 3 of page 20 of the AMA *Guides*, the 12% impairment of the upper extremity equals 9% impairment of the whole person. Dr. Guberman stated, "[s]ince she has already received a 9% impairment of the whole person for her left shoulder injury, she is currently fully compensated for the left shoulder injury."

Although Dr. Guberman noted that Ms. Gosling's cervical spine is not considered compensable, he stated that the mechanism of injury is consistent with a cervical spine injury, and he noted that the claimant experienced radicular symptoms. It was Dr. Guberman's opinion that the injury to the cervical spine should be compensable. Using the Range of Motion Model, he determined that the claimant falls under Category II, Subheading B, for a cervical spine injury with 4% whole person impairment. Dr. Guberman recommended 2% impairment for range of motion abnormalities in flexion and extension of the cervical spine, along with 2% impairment for range of motion abnormalities in lateral flexion of the cervical spine. For range of motion abnormalities in rotation of the cervical spine, Dr Guberman recommended 3% impairment. When combined together, Dr. Guberman found 11% whole person impairment, which is the impairment rating calculated for the cervical spine under Cervical Category II from West Virginia Code of State Rules § 85-20-E. Because the impairment rating calculated using the Range of Motion Model falls outside the range of 5% to 8% impairment allowed in the Cervical Category II table, Dr. Guberman adjusted the amount of impairment to 8% of the whole person for the cervical spine. Dr. Guberman concluded by stating, "[s]ince she has already received 9% impairment of the whole person for this injury, if the cervical spine were considered compensable, she would be entitled to an additional 7% impairment of the whole person pursuant to Rule 20, Section VII."

In a final decision dated November 2, 2021, the Office of Judges found that Ms. Gosling had not established by a preponderance of the evidence that she has a greater whole person impairment than the 9% recommended by Dr. Mukkamala. The Office of Judges acknowledged that the conditions of carpal tunnel syndrome and disc bulge at C5-C6 were denied as compensable conditions of the claim. Because the current compensable conditions of the claim are hyperextended left arm and complete tear of the left rotator cuff, the Office of Judges determined that Ms. Gosling had no more than 9% impairment due to the compensable conditions in the claim. Since Dr. Guberman opined that the claimant had 9% whole person impairment of the left shoulder due to range of motion abnormalities, the Office of Judges affirmed the claims administrator's order dated July 7, 2020. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision in an order dated March 18, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a

de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Gosling's request to add disc bulge at the C5-C6 level as a compensable condition was denied by order dated December 20, 2018. Despite the fact that no cervical condition was held compensable in this claim, Dr. Guberman provided an impairment rating for the cervical spine in his February 22, 2021, independent medical evaluation report. The impairment rating was properly disregarded by the Office of Judges and Board of Review. Both Drs. Mukkamala and Guberman found that Ms. Gosling was entitled to 9% whole person impairment for her shoulder injury, which along with the hyperextended left arm, are the only compensable conditions in the claim. Because Ms. Gosling failed to submit any evidence to show that she is entitled to a higher impairment award for her compensable conditions, the Board of Review's order is affirmed.

Affirmed.

**ISSUED: October 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn